IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ROY F. HILLBERRY, II,**

    **Plaintiff,**

v.                                                         Case No. 2:22-cv-00025

**DONALD AMES,**

    **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's *pro se* filing, which he submitted as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, but has been construed by the Court as a complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**, **without prejudice**, for (1) failure to state a habeas claim; (2) failure to comply with a court order; and (3) failure to prosecute pursuant to Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1.

**I.**      **Relevant History**

On May 21, 2021, Plaintiff filed the instant petition for a writ of habeas corpus under § 2241 and paid a $5.00 filing fee. *Hillberry v. Ames,* No. 2:21-cv- 00290 (S.D.W.

1

Va. May 12, 2021) (hereinafter *"Hillberry"),* ECF Nos. 1, 1-4. In the petition, Plaintiff complained about an operational procedure at Mount Olive Correctional Complex ("MOCC") governing the retention and destruction of inmate property. *Hillberry,* ECF No 1. In particular, Plaintiff alleged that the West Virginia Division of Corrections and Rehabilitation's ("DCR") Operational Policy 403 discriminated against inmates who had less than ten years to parole eligibility. Plaintiff contended that the policy violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution and was inconsistent with a DCR policy directive. *Id.,* ECF No. 1 at 6-8. For relief, Plaintiff asked the Court to order MOCC to comply with the law and the DCR's policy directive. *Id.,* ECF No. 1 at 8.

On January 11, 2022, United States Magistrate Judge Dwane L. Tinsley filed Proposed Findings and Recommendation suggesting that Plaintiff's habeas petition be denied and the action be dismissed, as Plaintiff's claims were not cognizable in a habeas proceeding. *Hillberry,* ECF No. 4. Judge Tinsley explained that claims challenging the conditions of confinement are properly asserted in a civil rights complaint, while a petition for a writ of habeas corpus is reserved for claims attacking the fact or duration of confinement. *Id.* On that same date, Judge Tinsley entered an Order directing the Clerk of Court to open a new civil action under 42 U.S.C. § 1983, using Plaintiff's habeas petition as the triggering document. *Id.,* ECF No. 5. In the Order, Judge Tinsley advised that the civil action would be assigned to appropriate judicial officers, who might order additional action as necessary. *Id.* On January 31, 2022, Chief Judge Thomas E. Johnston adopted Judge Tinsley's findings and recommendation and dismissed the habeas proceeding. *Id.,* ECF No. 6.

On January 11, 2022, in accordance with Judge Tinsley's instruction, the Clerk of

Court opened the instant action. (ECF No. 1). The matter was assigned to the Honorable John T. Copenhaver, Jr. and, on February 28, 2022, was referred to the undersigned. (ECF No. 5). On March 1, 2022, the undersigned entered an Order directing Plaintiff to file a complaint under 42 U.S.C. § 1983, using the appropriate form, and to pay the $400 filing fee or submit a completed Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 6). In the Order, the Court noted that Plaintiff had attempted to prosecute a civil rights complaint under § 2241 in the past and had been told that such claims were not cognizable in a habeas petition. Plaintiff was given thirty days to file the proper paperwork. (*Id.*). He was advised that a failure to file the paperwork and pay the filing fee, if necessary, would result in a recommendation that the action be dismissed. (*Id.* at 2). Plaintiff was provided with the necessary forms in order to comply with the Court's Order. The docket reflects that Plaintiff received this Order. However, more than sixty days have passed since the Order was filed, and Plaintiff has failed to comply with the Court's directives.

## II. Discussion

### A. *Plaintiff Fails to State a Cognizable Claim*

A petition for a writ of habeas corpus is the mechanism by which a prisoner disputes the "fact or duration" of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 498–99 (1973). Generally, a motion filed under 28 U.S.C. § 2254 attacks the validity of a state conviction or sentence, *In re Wright,* 826 F.3d 774, 779 (4th Cir. 2016), while a petition under section 2241 challenges the execution of a federal sentence. *United States v. Little,* 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial,* 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)). When a prisoner attempts only to alter the conditions of his confinement, rather than the duration of his sentence, the appropriate vehicle is a civil rights action.

3

*Preiser,* 411 U.S. at 494, 498–99; *also Wilborn v. Mansukhani,* 795 Fed. Appx. 157, 164 (4th Cir. 2019) (agreeing with the majority of circuits that have addressed whether conditions of confinement claims can be brought in a habeas proceeding and have decided that they cannot.).

Here, Hillberry complains exclusively about the conditions of his confinement at MOCC. (ECF No. 1). Such claims do not challenge the fact or duration of his sentence, nor the validity of his conviction. Accordingly, the undersigned **FINDS** that Hillberry fails to state a claim for habeas relief. *See Hallinan v. Scarantino,* 466 F. Supp. 3d. 587, 602 (E.D.N.C. 2020) (holding that inmates seeking release from confinement due to prison conditions do not state habeas claims, because complaints related to the conditions of confinement do not challenge the *validity* of confinement.); *Toure v. Hott,* 458 F. Supp. 3d 387, 398-88 (E.D. Va. 2020) (examining the split among circuits and holding that claims which challenge the conditions of confinement fall outside the "core" of habeas proceedings); *Crooker v. Stewart*, No. CIV.A. ELH-14-1972, 2015 WL 1210209, at *3 (D. Md. Mar. 13, 2015) (acknowledging the circuit split, but noting that "the Fourth Circuit has said that where a petitioner does not assert entitlement to release, the claim is properly treated as a suit under 42 U.S.C. § 1983, or in the case of a federal inmate, a *Bivens* claim.") (citing as an example, *Braddy v. Wilson,* 580 Fed. Appx. 172 (4th Cir. 2014)).

Different rules apply to habeas proceedings and civil rights complaints. Moreover, different filing fees are required depending upon the nature of the action. For that reason, parties must file the appropriate paperwork and, if ordered, pay the requisite fee. The undersigned **FINDS** that Plaintiff's claims are not cognizable in a habeas petition, and he has failed to comply with the Court's Order to correct this error and pay the proper filing

fee. This is not the first time that Plaintiff has attempted to prosecute a civil rights complaint as a habeas petition and has been told that conditions of confinement claims are generally not cognizable in a petition for habeas relief. *See Hillberry v. Ballard,* No. 2:13-cv-20699 (S.D.W. Va. Jul. 19, 2013), ECF Nos. 6, 7. As previously stated, Plaintiff attempted to prosecute this very issue in a separate habeas proceeding, and his petition was dismissed on the ground that his claims were not cognizable under § 2241. *Hillberry*, ECF Nos. 4, 6. While it is true that the petition in that case was used to initiate this action, Plaintiff was told that the judicial officer assigned to the matter might order additional action. *Id.,* at ECF No. 5. As Plaintiff has failed to comply with the additional action ordered, this proceeding should be dismissed.

### B.  *Plaintiff Has Failed to Prosecute His Claim*

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."[1] Similarly, under this court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a

---

[1] Fed. R .Civ .P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." However, although Fed. R. Civ. P. 41(b) does not explicitly provide for *sua sponte* dismissal, it does not abrogate the power of the court to act on its own initiative. *Link*, 370 U.S. at 630–32; *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[2]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors, in turn, the undersigned **FINDS** that dismissal is warranted. A review of the docket demonstrates that Plaintiff received a court order stating that he must file a complaint under § 1983, using the proper form, and address the filing fee; yet, he failed to abide by those directives. Moreover, since the entry of Judge Tinsley's Order in January 2022, which opened a new civil rights action, Plaintiff has made no effort to check on the status of the matter or contact the court regarding the

---

[2] L. R. Civ. P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

most recent order that he received. These failures add up to a case history of Plaintiff proceeding in a deliberately dilatory fashion. This civil action has been pending on the court's docket for four months, and during that time there has been no action by, nor communication from Plaintiff. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendants. Furthermore, Plaintiff was told in 2013 that he cannot prosecute a conditions of confinement claim in a habeas proceeding, yet he nonetheless attempted to do so again in 2021, and then disregard the Court's order to correct this error. As such, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96. The court is left with only two options: dismiss the case, or allow it to sit on the docket dormant. The latter option is simply not acceptable.

While dismissal is the preferable course, the undersigned acknowledges that the reason for Plaintiff's failure to comply with the order and prosecute his claim is unknown. Therefore, the undersigned recommends that dismissal be **without prejudice** to account for the possibility that Plaintiff's dilatoriness is excusable and there is good cause to reopen or reinstitute the claim. Plaintiff should be admonished that, if he attempts to resurrect this claim, he file a civil rights complaint and pay the proper filing fee.

### III. <u>Proposal and Recommendation</u>

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the petition/complaint be **DISMISSED**, without prejudice, and that this action be removed from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United

States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

**DATED**:  May 10, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge